UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG RICHEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1160 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Movant Craig Richey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed August 2, 2006. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Craig Richey ("Movant" or "Defendant") was charged by Indictment with two counts of knowingly and intentionally possessing with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and one count of criminal forfeiture. (Indictment (4:05CR122 JCH, Doc. No. 1)). On June 29, 2005, Movant entered a plea of guilty to all three counts of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (4:05CR122 JCH, Doc. Nos. 31, 32)). On October 12, 2005, the Court sentenced Movant to 262 months imprisonment, followed by five years supervised release. (Judgment (4:05CR122 JCH, Doc. No. 38)). Movant did not appeal his conviction or sentence.

On August 2, 2006, Movant filed the instant § 2255 Motion. As the Court construes his motion, Movant presents four grounds for relief, as follows:

(1) That Movant received ineffective assistance of counsel, in that his plea counsel informed Movant his sentence would be ten years imprisonment if he accepted the Government's plea offer;

(2) That the District Court violated Movant's Sixth Amendment rights, when it treated the United States Sentencing Guidelines as mandatory, and when it enhanced his sentence based on Judge-found facts as to his prior convictions;

(3) That the one hundred-to-one ratio of powder cocaine to crack cocaine mandated by the United States Sentencing Guidelines resulted in Movant's receiving an unconstitutionally disparate sentence; and

(4) That the District Court erred in failing to reduce Movant's guidelines range and sentence further in consideration of his exceptional cooperation with the Government.

(Movant's Memorandum of Law in Support of § 2255 Motion, Doc. No. 1-2).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus,

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I.   Claims Subject To Procedural Default**

In Ground 2 of his § 2255 Motion, Movant alleges the District Court violated his Sixth Amendment rights, when it treated the United States Sentencing Guidelines as mandatory, and when it enhanced his sentence based on Judge-found facts as to his prior convictions. In Ground 3 of his § 2255 Motion, Movant alleges the one hundred-to-one ratio of powder cocaine to crack cocaine mandated by the Sentencing Guidelines resulted in his receiving an unconstitutionally disparate sentence. In Ground 4 of his § 2255 Motion, Movant alleges the District Court erred in failing to reduce Movant's guidelines range and sentence further in consideration of his exceptional cooperation with the Government.

As stated above, Movant did not pursue a direct appeal to the Eighth Circuit, and therefore did not raise any of the current claims on direct appeal. If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Schneider v. United States, 981 U.S. 989, 990 (8th Cir. 1992). If Movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person. . . ." Schlup v. Delo, 513 U.S.

298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [Movant] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also, Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion).

Movant has not shown cause and actual prejudice to excuse his failure to raise his claims on direct appeal. See Frady, 456 U.S. at 168. Moreover, Movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he pled guilty and was sentenced. See Schlup, 513 U.S. at 327. Indeed, Movant does not dispute his guilt. Accordingly, Movant's second, third, and fourth claims in his § 2255 motion are procedurally barred and must be denied.[2]

## II.  Claim Addressed On The Merits

In Ground 1 of his § 2255 Motion, Movant maintains he received ineffective assistance of counsel, in that his plea counsel informed Movant his sentence would be ten years imprisonment if he accepted the Government's plea offer.[3] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and

---

[2] The Court's review of the record indicates Grounds 2, 3 and 4 of Movant's § 2255 Motion fail on the merits as well.

[3] Although Movant did not raise his claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

> THE COURT: Now, Mr. Richey, have you received a copy of the indictment or the charges, the two counts against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And have you had an opportunity to review and discuss those charges with Mr. Dwyer [Movant's attorney]?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any question about the charges themselves?
>
> THE DEFENDANT: No, ma'am, he explained it clearly to me and I understood the charges and everything....
>
> THE COURT: Now I have a document in front of me, I have the original, it's entitled "Plea Agreement, Guidelines Recommendations and Stipulations." Although I understand there's no specific plea

|                    | agreement. Do you have a copy of that document in front of you? |
|---|---|
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Turning to page 12, which is the last page, is that your signature, the middle signature on page 12? |
| THE DEFENDANT: | Yes, ma'am.... |
| THE COURT: | Now, Mr. Richey, did you sign this document today? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Okay. Have you had an opportunity to review and discuss the provisions of this document with Mr. Dwyer? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Are you in agreement with everything contained in this document? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty? |
| THE DEFENDANT: | No, ma'am.[4] |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |

---

[4] The Government attaches to its response an affidavit from Movant's attorney, in which he testifies he never advised Movant he would receive a sentence of ten years imprisonment. (Affidavit, Doc. No. 4-2, PP. 1, 2).

| | |
|---|---|
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes, ma'am.... |
| THE COURT: | Did you in fact commit these acts as [Mr. Reap[5]] has described them, and as many of them are also described in paragraph four of the stipulation? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | How do you plead to counts one and two, guilty or not guilty? |
| THE DEFENDANT: | Guilty. |

The Court further questioned Movant with respect to his satisfaction with his counsel, as follows:

| | |
|---|---|
| THE COURT: | Are you satisfied with the representation that you have received from Mr. Dwyer in this case? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you have any complaints whatsoever about his representation of you? |
| THE DEFENDANT: | No, ma'am, none at all. |

Finally, the Court questioned Movant with respect to his understanding of the applicable sentencing range, as follows:

| | |
|---|---|
| MR. REAP: | Count I, the penalty is imprisonment of not more than five years, a fine not more than $250, or some combination, and supervised release of not more than two years and a mandatory $100 special assessment, that is as to the possession with intent to distribute the 129.37 grams of marijuana.... |
| THE COURT: | Right, I just want to question Mr. Richey about--now, have you heard what Mr. Reap has said about what the maximum possible penalty is for the offense in Count I? |

---

[5] Michael Reap was the Assistant United States Attorney assigned to Movant's case.

| | |
|---|---|
| THE DEFENDANT: | Yes, I heard. |
| THE COURT: | Okay. And then do you understand that the maximum possible penalty for Count II, the offense in Count II, is imprisonment of not less than ten years, nor more than life, a fine of not more than $250,000, or both imprisonment and a fine, as well as a period of supervised release of not less than five years? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Okay. Now have you discussed those potential penalties with Mr. Dwyer? |
| THE DEFENDANT: | Yes, I have. |
| THE COURT: | Now do you also understand, Mr. Richey, if I accept your plea of guilty to the counts, in order to determine what sentence to impose in your case I will be consulting the Sentencing Guidelines? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Now have you discussed with Mr. Dwyer how the Sentencing Guidelines might apply in your case? |
| THE DEFENDANT: | Yes, I have.[6] |

Based on Movant's representations during his Change of Plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States of America versus Richey that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and consequences of his plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts I and II. The plea to Counts I and II is therefore accepted, and the Defendant is now adjudged guilty of those offenses. |

---

[6] At no time during his change of plea proceeding or sentencing proceeding did Movant indicate he was told he would receive a particular sentence.

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates he voluntarily pled guilty, with a full understanding of the potential sentencing range, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Movant's first ground for relief will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 27th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE